IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RPOST HOLDINGS, INC., <br> RPOST COMMUNICATIONS LIMITED, <br> and RMAIL LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> CONSTANT CONTACT, INC., <br> REGISTER. COM, INC., <br> SYSCO CORP., <br> BEST BUY STORES, L.P., <br> YAHOO! INC., and <br> NETWORK SOLUTIONS, LLC <br><br> Defendants. | § § § § § § § § § § § § § § § § § | Case No. 2:12-CV-510 <br><br><br> JURY TRIAL DEMANDED |

**DEFENDANT SYSCO CORP.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' WILLFUL INFRINGEMENT CLAIMS UNDER RULE 12(B)(6)**

### I. INTRODUCTION

Plaintiffs' opposition to Defendant Sysco Corp.'s ("Sysco's") motion to dismiss merely repeats the deficient allegations recited in its Amended Complaint, (*see* Opp. Br. at 1-4), which fails to plausibly state a claim for willful infringement. Plaintiffs' conclusory assertion that "Defendants' infringement of the [asserted patent] have been and/or are willful" is deficient because it lacks underlying factual allegations and fails to provide Sysco with notice of the grounds on which Plaintiffs' willful infringement claims purportedly rest. (D.I. 16 at ¶¶ 25, 30, 35, 40, 45.) The sole allegation of pre-filing knowledge made by Plaintiffs is Sysco was "deemed to have notice" of the patents-in-suit because Plaintiffs allegedly marked their products in the products' web-based user interface. (D.I. 16 at ¶ 17.) As a matter of controlling law, that is insufficient and Plaintiffs' opposition contains no legal authority (or even argument) to the contrary. Instead, Plaintiffs

erroneously rely on the wrong pleading standards, irrelevant discussions of *indirect infringement* in the cases cited by Sysco, and cases that support *dismissal* of the willfulness claims.

Sysco's motion is straightforward. The facts alleged in the Amended Complaint fail to support a willfulness claim. Sysco's motion should be granted.

## II. THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE A CLAIM FOR WILLFUL INFRINGEMENT

Plaintiffs contend dismissal is inappropriate because the Amended Complaint "undoubtedly surpass[es]" the requirements of Fed. R. Civ. P. 8(a)2 and 9(b), (Opp. Br. at 4, 9), and "contains facial plausibility" that "allows the court to draw reasonable inference that Sysco is liable for the misconduct alleged, i.e., the asserted infringement of the [patents-in-suit]." (*Id.* at 9.) Plaintiffs further contend "even if reasonable jurors could disagree as to whether Sysco's infringements of the [patents-in-suit] were willful, this is not sufficient grounds for dismissal under Fed. R. Civ. P. 12(b)(6)." (*Id*. at 10.)

Plaintiffs' arguments miss the point. Plaintiffs' claims of direct infringement are not at issue. And the question of whether "reasonable jurors could disagree" is not legally relevant at the motion to dismiss stage. (*Id.*) The only issue before the Court is whether Plaintiffs' conclusory willfulness allegations pass muster under Rule 12(b)(6) as a matter of law. Under the proper standard, the controlling legal authority, including this Court's precedent, requires dismissal.

### A. Plaintiffs Rely on Inapplicable Pleading Requirements

Plaintiffs' brief relies on the wrong pleading requirements. Plaintiffs contend the Amended Complaint is sufficient because "Sysco has not discussed nor shown that the pleading guidelines set forth in Form 18 … were not met by RPost." (Opp. Br. at 6-8.) Sysco's motion to dismiss, however,

relates to willfulness, not direct infringement.[1]  As this Court has expressly held:

> ***Form 18 … cannot measure the sufficiency of … willful infringement pleadings***.  Thus, claims for … willful infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*.[2]

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12cv366, slip op. at 5 (E.D. Tex. Feb. 7, 2013) (Frenkel Reply Decl., Ex. D) (internal citation omitted).[3]  That ruling comports with the Federal Circuit's mandate that Form 18 "should be strictly construed as measuring *only* the sufficiency of allegations of *direct infringement*," *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012), and does not apply to willfulness allegations.  *See also Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*, No. C 12-00068 JW, 2012 U.S. Dist. LEXIS 98641, at *10 (N.D. Cal. July 10, 2012) ("[T]he *In re Bill of Lading* decision is inapposite to [the Court's] consideration of the issue presented by the present Motion, namely, whether Plaintiff's *willful* infringement claim is adequately pleaded.") (emphasis in original).

Form 18 does not apply.

---

[1] Plaintiffs rely on *Klausner Technologies, Inc. v. Oracle Corp.*, No. 6:11-cv-556 (E.D. Tex. Sept. 10, 2012) (Frenkel Reply Decl., Ex. E) and assert "Judge Davis relies on Form 18 in his legal analysis of whether to dismiss the plaintiff's infringement contentions."  (Opp. Br. at 8.)  *Klausner* only involved *direct* infringement, *not willful* infringement, and Judge Davis clarified Form 18 applies *only* to direct infringement.  *See Klausner*, slip op. at 3 ("Form 18 does not apply to indirect infringement claims.").  *Klausner* is inapposite.

[2] Plaintiffs rely on *Infinity Computer Products, Inc. v. Epson America, Inc.*, No. 12-6806, slip op. at 3-4 (E.D. Pa. Feb. 28, 2013) (Frenkel Reply Decl., Ex. F) to support their erroneous argument that satisfying Form 18 is sufficient to meet the pleading requirements for willfulness claims.  (Opp. Br. at 8.)  To the extent the *Infinity* opinion is inconsistent with *this* Court's rulings in *Klausner Technologies* and *U.S. Ethernet Innovations*, this Court's rulings control.  Regardless, *Infinity Computer* is factually distinct.  *Infra*, note 8.

[3] All emphasis added unless otherwise noted.

### B. Plaintiffs Lack a Plausible or Good Faith Basis For Alleging Willful Infringement

Plaintiffs contend (repeatedly) that the Amended Complaint complies with Rule 8(a)(2).[4] (Opp. Br. at 1, 4, 9.) Plaintiffs contend paragraphs "11-12, 17-20, 22-25, 28-30, 33-35, 38-40, 43-45" of their Amended Complaint provide a "plausible basis" for their willfulness claims. (Opp. Br. at 13.) Plaintiffs contend Sysco's statement that the Amended Complaint lacks a good faith basis for willful infringement "is unsupported and its argument is contrary to the intent and spirit of the law." (*Id*. at 11-12.) Plaintiffs are wrong.

Sysco's citation to, and quotation of, well-settled law does not "mistakenly [rely] on [*Seagate*] … as creating heightened *pleading* standards for willful infringement." (*Id*. at 10) (emphasis in original.) As this Court recognized, *Seagate* held that:

> Under ordinary circumstances, willfulness will largely depend on an infringer's pre-litigation conduct. Therefore, "when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." In discussing the good faith basis for a willfulness claim, the Federal Circuit specifically requires that a patentee meet the requirements of Federal Rules 8(a) and 11(b) at the time the original complaint is filed.

*Parallel Networks LLC v. AEO, Inc.*, No. 6:10-CV-275, slip op. at 6 (E.D. Tex. Feb. 10, 2011) (Frenkel Decl., Ex. A) (quoting *Seagate*, 497 F.3d at 1371).

Not one of the paragraphs identified by Plaintiffs establishes a plausible claim of pre-filing willfulness or demonstrates a good faith basis for a willfulness claim. Instead, the majority of those

---

[4] Plaintiffs repeatedly cite to Fed. R. Civ. P. 9(b) (*see* Opp Br. at 1, 4, 9, 10, 14) and assert "where [the facts entitling the pleader to relief] include a defendant's state of mind, only a general averment is required." (Opp. Br. at 10.) That is irrelevant because willfulness includes both an objective and subjective showing, and requires a showing "that the infringer acted despite an *objectively* high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (emphasis added). "[T]he state of mind of the accused infringer is not relevant to this objective inquiry" (*id.*), which is a question of law for the Court. *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012). Rule 9(b) does not apply.

paragraphs are irrelevant to this motion,[5] and the few arguably relevant paragraphs lack grounds for Plaintiffs' entitlement to relief. The allegations in paragraphs 25, 30, 35, 40, and 45 are all conclusory, each maintaining that "[o]n information and belief, Defendants' infringement of the [asserted] patent have been and/or are willful." These "allegations" are mere "labels and conclusions" that fall short of Rule 8(a)(2), which requires the pleader "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and quotation marks omitted). *Twombly* established that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

Paragraphs 17-18 allege "Defendants … are deemed to have notice of the [patents-in-suit]" because "RPost marks products … in the products' web-based user interface" (D.I. 16 at ¶ 17), and based on this knowledge "Defendants knew that they had infringed one or more of [the patents-in-suit] or were aware of these patents and but [*sic*] acted with objectively reckless disregard for those patents …." (Opp. Br. at 4.) These allegations are legally deficient.

"[A]t the pleading stage, a plaintiff alleging willful infringement should *provide enough facts* that, when taken as true, *show objective recklessness* of the infringement risk." *U.S. Ethernet Innovations, LLC*, No. 6:12cv366 MHS-JDL, slip op. at 8 (Frenkel Reply Decl., Ex. D). In *Parallel Networks LLC v. AEO, Inc.*, the Court applied *Seagate* to similar facts and held that where the only allegations of pre-filing knowledge were constructive notice based on marking requirements, the complaint "lack[ed] a factual basis indicating that [Plaintiff] [was] entitled to relief, and the

---

[5] Paragraphs 11-12 and 19-20 allege jurisdictional facts. Paragraphs 22, 24, 29, 34, 39, and 44 allege infringement generally, without mentioning willfulness or pre-suit knowledge. Paragraphs 23, 28, 33, 38, 43 are reallegations of the preceding paragraphs.

willfulness allegations further f[ell] short of the 'good faith' evidentiary basis required by Rule 11(b)." No. 6:10-CV-275, slip op. at 6 (Frenkel Decl., Ex. A); *see also Novatel Wireless, Inc. v. Franklin Wireless Corp.*, No. 10cv2530-CAB (JMA), slip op. at 7 (S.D. Cal. July 19, 2012) (relying on *Seagate* and dismissing Plaintiff's willful infringement claim where Plaintiff's only allegations of pre-filing notice were Plaintiff's markings and marketing materials) (citing *Seagate*, 497 F.3d at 1371) (Frenkel Decl., Ex. B). Here too, Plaintiffs' allegations of constructive knowledge—based solely on Plaintiffs' alleged compliance with the marking requirement—are legally insufficient to state a claim for willful infringement.

Plaintiffs do not dispute allegations of constructive knowledge via marking are insufficient to plead *willful infringement*. Instead, Plaintiffs wrongly rely on irrelevant discussions of *indirect infringement* in the *Parallel Networks* and *Novatel Wireless* opinions. (Opp. Br. at 12.)[6] Plaintiffs' brief ignores the relevant portions of the *Parallel Networks* and *Novatel Wireless* opinions, the discussions of *willful infringement*.

Plaintiffs cite *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677 (D. Del. July 26, 2010) to argue that "the complaint has enough facts to raise a reasonable expectation that discovery will reveal evidence of each necessary element of RPost [*sic*] claims." (Opp. Br. at 13.) Plaintiffs are wrong and *SoftView* supports dismissal. In *SoftView*, the Court denied a motion to dismiss willful infringement claims against AT&T, when the complaint specifically alleged three separate factual bases showing AT&T's actual pre-suit knowledge of the patents-in-suit, including discussions regarding potentially licensing the asserted patents. *SoftView*

---

[6] *First,* Plaintiffs contend "[c]learly, the facts of *Parallel Networks LLC* are distinguishable … because RPost has adequately, and with specificity, identified each infringer in its Complaint." (Opp. Br. at 12.) *Second*, Plaintiffs contend "*Novatel Wireless, Inc.* also failed to allege the third party infringers in the complaint and the court … stated that the plaintiff had sufficiently pled contributory infringement" and "RPost has clearly stated in its Complaint the infringers of its patents-in-suit and has adequately pled willfulness." (*Id.*) *See also infra note* 9.

6

*LLC*, 2012 U.S. Dist. LEXIS 104677, at *15-20. But as to defendant Kyocera, the *SoftView* court found the claims for willful infringement implausible and granted Kyocera's motion to dismiss where Plaintiff failed to allege Defendant had pre-filing knowledge of the asserted patent other than an allegation that Kyocera became aware of the asserted patent due to "media publicity" relating to an earlier lawsuit against Apple and AT&T. *Id.* at *18-19, *26.

> The mere fact that [Plaintiff's] lawsuit against Apple and AT&T was reported in certain media outlets does not, by itself, plausibly suggest that Kyocera would have been aware of those particular media reports ….

*Id.* at *18-19. Likewise, the mere fact that Plaintiffs marked their products does not plausibly suggest Sysco "would have been aware of those" markings, especially since there is no allegation that Sysco uses Plaintiffs' products (they do not).[7]

Plaintiffs rely on *TracBeam, LLC v. AT&T, Inc.*, No. 6:11-CV-96, 2012 U.S. Dist. LEXIS 76310 (E.D. Tex. Mar. 27, 2012) to argue their willful infringement pleadings are sufficient.[8] (Opp. Br. at 6-8.) In *TracBeam*, the Court found the complaint contained sufficient "[f]actual allegations ... to raise [its] right to relief above the speculative level" where Plaintiff alleged it contacted Defendants on multiple occasions regarding its patent application and related technology. *See TracBeam*, 2012 U.S. Dist. LEXIS 76310, at *10 (Davis, J.) (citation and quotation marks omitted).

---

[7] Plaintiffs fail to dispute that Sysco is not a user of Plaintiffs' products. Instead, Plaintiffs contend that Sysco is a "user of RPost's technology of the patents-in-suit." (Opp. Br. at 3.)

[8] Plaintiffs also rely on *Infinity Computer Products, Inc. v. Epson America, Inc.*, No. 12-6806 (E.D. Pa. Feb. 28, 2013) (Opp. Br. at 8). Absent from the *Infinity Computer Products, Inc.* opinion is the fact that the Complaint alleged Defendant had knowledge of the asserted patents because Defendant "ha[d] been litigating the [asserted patents] for more than two years" prior to the filing of the Complaint (*See* Plaintiff's Opp. to Defendant Epson America's Motion to Dismiss for Failure to State a Claim, No. 12-6806, D.I. 16 at 8-10 (Frenkel Reply Decl., Ex. G).) Based on that factual background, the court denied Defendant's motion to dismiss the willfulness claims, finding the Court "[could] infer that Defendant acted despite an awareness that its actions constituted an objectively high likelihood of infringement." *See* slip op. at 4 (Frenkel Reply Decl., Ex. F).

In contrast, there is no equivalent allegation of actual knowledge here and Plaintiffs' right to relief based on constructive knowledge is deficient, as the Court held in *Parallel Networks*.

Two Western District of Washington cases related to Rule 12(f) motions and relied on by Plaintiffs, (Opp. Br. at 11), support dismissal. In *F5 Networks, Inc. v. A10 Networks, Inc.*, the court struck the allegations of willfulness and the request for treble damages because "the complaint [did] not contain any facts to support a claim of willful infringement or to put [Defendant] on notice of the grounds on which that claim rests." No. C07-1927RSL, 2008 WL 687114, at *1 (W.D. Wash. Mar. 10, 2008). In *Plant 21 LLC v. Cascade Greenhouse,* the court granted the patentee's motion to amend its complaint because the original complaint lacked specific factual allegations and was "insufficient both for willful infringement and for any damages that it may be entitled to for willful infringement." No. C07-5640-BHS, 2008 WL 3540602, at *1 (W.D. Wash. Aug. 8, 2008).

\* \* \* \* \*

Plaintiffs are required to plead facts supporting their charge that Sysco is a willful infringer. *Parallel Networks LLC*, No. 6:10-CV-275, slip op. at 6 (Frenkel Decl., Ex. A). Plaintiffs failed to do so and failed to plausibly allege pre-filing willful infringement. Here,

> Plaintiff[s] do[] not rely upon any allegation of pre-filing willful infringement and ha[ve] made no effort to stop [Sysco's] alleged continued willful infringement. Accordingly … Plaintiff[s] [are] not entitled to accrue enhanced damages for willful infringement.

*WebMap Techs., LLC v. Google, Inc.*, No. 2:09-CV-343-DF-CE, 2010 U.S. Dist. LEXIS 104137, at *11 (E.D. Tex. Sept. 10, 2010); *see also Advanced Data Access LLC v. Nanya Tech. Corp.*, No. 6:11-cv-473 LED-JDL, slip op. at 6 (E.D. Tex. Apr. 24, 2012) (Frenkel Decl., Ex. C)[9] (dismissing

---

[9] Contrary to Plaintiffs' assertion, *Advanced Data Access* is analogous to this case because here too, Plaintiffs have "not set forth any facts to charge defendant with pre-filing knowledge of infringement." (Opp. Br. at 12.) The fact that the *Advanced Data Access* court "ruled that the issue of *indirect infringement* was moot" is irrelevant; the court held that Advanced Data's *willfulness* allegations were insufficient. (*Id*. (emphasis added).)

willfulness claims as falling "short of the good faith basis required by Rule 11(b)" where plaintiff did "not indicate any pre-filing conduct to justify willfulness allegations against [Defendant], much less any facts alleging [Defendant] had pre-suit knowledge of the [asserted patent]").

Plaintiffs' willfulness claims are unsupported and legally deficient; they should be dismissed.

### III. PLAINTIFFS' ENTITLEMENT TO DISCOVERY IS NOT A BASIS FOR DENYING A MOTION TO DISMISS

Plaintiffs state Sysco's motion is "unreasonable and preposterous, and contrary to the intent and spirit of the law," and contend they are "entitled to take discovery on [their] willful infringement claims and supplement [their] complaint at a later time." (Opp Br. at 13, citing *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *11-12 (E.D. Tex. Aug. 10, 2012).) That, of course, puts the cart before the horse as discovery is intended to investigate legally plausible allegations. Regardless, "*Seagate* clearly requires a patentee to do more than suggest that more definite allegations are to follow once discovery is underway." *Parallel Networks LLC*, No. 6:10-CV-275, slip op. at 6 (Frenkel Decl., Ex. A). The hope of later uncovering evidence of willful infringement in discovery is *not* a basis for denying a motion to dismiss where "[t]he Complaint does not allege any particular facts that would demonstrate [Plaintiff's] good faith basis for alleging willful infringement." *InMotion*, 2012 U.S. Dist. LEXIS 112630, at *10. To the extent Plaintiffs find facts to support a legally sufficient allegation of pre-suit knowledge, they may move to amend. *Id.*

### IV. CONCLUSION

WHEREFORE Sysco respectfully requests that the Court dismiss Plaintiffs' willful infringement allegations for failure to state a claim; and grant any other relief it deems just.

Dated: November 22, 2013

Respectfully submitted,

/s/ *Richard G. Frenkel*
Michael E. Jones
Texas Bar No. 10929400
POTTER MINTON
110 N. College
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile:  (903) 593-0846
Email:  mikejones@potterminton.com

**Of Counsel:**

Maximilian A. Grant
**LATHAM & WATKINS LLP**
555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Telephone:  +1.202.637.2200
Facsimile:  +1.202.637.2201
max.grant@lw.com

Richard G. Frenkel
Yasamin Parsafar
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA  94025-1008
Telephone:  +1.650.328.4600
Facsimile:  +1.650.463.2600
rick.frenkel@lw.com
yasamin.parsafar@lw.com

**ATTORNEYS FOR DEFENDANT SYSCO CORP.**

## CERTIFICATE OF SERVICE

  The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 22nd day of November, 2013.

              /s/ *Richard G. Frenkel*
              Richard G. Frenkel